1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT J. BARRON, III,                    No.  2:12-cv-02108 KJM DAD P

12                  Plaintiff,

13        v.                                    ORDER

14   SUPERIOR COURT OF CALIFORNIA, et
     al.,
15
                    Defendants.
16

17

18        Plaintiff is a former Solano County Jail inmate and proceeding pro se.  Plaintiff seeks

19   relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant

20   to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

21   U.S.C. § 636(b)(1).

22   **I. Application for Leave to Proceed In Forma Pauperis**

23        In the court's August 27, 2012 order, the court determined that plaintiff's in forma pauperis

24   application, filed on August 13, 2012, was incomplete and that plaintiff had failed to submit a

25   certified copy of his prison trust accounts statement for the six month period immediately

26   preceding the filing of his complaint.  (ECF No. 4.)  Plaintiff was ordered to file a new

27   application and the required certified trust account statement.  (Id.)  On September 13, 2012,

28
                                        1

1   plaintiff filed a new in forma pauperis application; however, the trust account statement submitted

2   therewith was not a certified copy.  In addition, plaintiff has filed a notice of change of address

3   with the court and it appears that plaintiff is no longer in custody.  Therefore, the court will order

4   plaintiff to file a new in forma pauperis application for a non-prisoner or to submit the $350.00

5   filing fee.

6   **II. Plaintiff's Complaint**

7          Plaintiff has used the court's form complaint for a § 1983 action.  In its entirety, the

8   following is plaintiff's statement of his claim as it appears therein:

9                  On May 14th 2012 at Arraignment[,] Public defender was
10                 appointted [sic].  [A] plea of not guilty was entered.  Bail was set;
                   6000 [sic] and a court date was set for May 30, 2012, Dept 21 at
11                 8:30...[sic]  On May 24th 2012 I motioned by Legal Mail a petition
12                 to Proceed in Propria Persona and Peremptory Challenge's [sic] to
                   Solano Superior Court of CA Dept-21-Clerk[,] 600 Union Ave[.,]
                   Fairfield CA 94533[.]  05-25-12 received at 2040 by Campbell
13                 1C.147 action taken on May 29, 2012 By SHG 518 ... also Motion
14                 to Safguard [sic] prisoner's Civil Right.  Motion and Petition not
                   heard.  Public Defender Motion to My Competency: [sic]

15

16  (ECF No. 1 at 3.)

17         In his complaint plaintiff names as defendants:  Commissioner William Perdergast

18  of the Solano County Superior Court, Francisco Vera of the Solano County Public Defender's

19  Office, and Fairfield Police Department Officers Daniel Barazoto, Christopher Grimm, Justin

20  Gutierrez and Troy Oriatt.  In terms of the relief he seeks, plaintiff states only the following:

21  "Permitting a Dismissal and Compensation to Person in Solano County Superior Court of

22  California in Case No. FCR 291032 and FCR 293117."  (Id.)

23  **III. Screening Requirement**

24         The court is required to screen complaints brought by prisoners seeking relief against a

25  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

9    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

12   However, in order to survive dismissal for failure to state a claim a complaint must contain more

13   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

14   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

15   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

16   allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

17   (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

18   resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19   The allegations in plaintiff's complaint are so vague and conclusory that the court is

20   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

21   complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

22   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

23   the defendants and must allege facts that support the elements of the claim plainly and succinctly.

24   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

25   with at least some degree of particularity overt acts which defendants engaged in that support his

26   claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

27   8(a)(2), the complaint must be dismissed.  The court will, however, grant plaintiff leave to file an

28   amended complaint.

3

**III.  Additional Deficiencies of Plaintiff's Original Complaint**

It appears that plaintiff may be seeking in part, the dismissal of a criminal prosecution pending against him in the Solano County Superior Court.  Plaintiff is advised first of all that based on principles of federalism and comity, federal courts are to abstain from intervening in ongoing state criminal proceedings absent extraordinary circumstances.  Younger v. Harris, 401 U.S. 37, 43-44 (1971).   Moreover, if plaintiff is seeking to challenge a conviction that has already resulted from the state criminal proceedings to which he refers, he is advised that when a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990).  Thus, if plaintiff intends to challenge his conviction, he must commence a new action by filing a petition for a writ of habeas corpus after he has exhausted his claims in state court.[1]

If plaintiff wishes to proceed with a civil rights action, he must clarify in any amended complaint he elects to file whether he is challenging the conditions of his confinement or his pretrial detention.  If plaintiff chooses to file an amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must also allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.[2]  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

---

[1]  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

[2]  Plaintiff is advised that in a civil rights action, the Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v. Ray, 386 U.S. 547 (1967).  In addition, public defenders are generally not subject to suit under § 1983 because public defenders do not act under color of state law for such purposes.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).

1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**IV.  Requirements Governing Any Amended Complaint**

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff shall submit, within thirty days from the date of this order, an application for leave to proceed in forma pauperis by a non-prisoner on the form provided by the Clerk of Court, or the $350.00 filing fee;

2.  Plaintiff's complaint is dismissed;

3.  Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided with this order;

4.  Plaintiff's failure to comply with this order will result in the dismissal of this action without prejudice; and

/////

/////

/////

/////

1        5.  The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma

2   Pauperis By a Non-Prisoner and the form complaint for § 1983 action.

3   Dated:  August 21, 2013

4

5                                                         _____

                                                          DALE A. DROZD
6   DAD:4                                                 UNITED STATES MAGISTRATE JUDGE
    barr2108.14+
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                 6